# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 4500
PACIFIC SUN,
Appellant,
vs.
LAKEVIEW LOAN SERVICING, LLC,
Respondent.

No. 75586

FILED

MAY 1 ... 2019

ELIZA... ...OWN
CLERK OF S... ...E COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the challenged summary judgment order de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court determined that Blue Diamond Ranch Landscape and Maintenance Association (Blue Diamond) was a "limited purpose association" because Blue Diamond satisfied the requirements set forth in NAC 116.090(1)(a), (b), and (c). *Cf.* NRS 116.1201(2), (5) (providing that limited purpose associations are not subject to a majority of NRS Chapter 116 and requiring the Commission for Common-Interest Communities and Condominium Hotels to promulgate regulations establishing criteria for a common-interest community to be a limited purpose association). Because Blue Diamond was a limited purpose association, the district court concluded it was not governed by NRS Chapter 116 and that the mortgage protection provision in Blue Diamond's CC&Rs was therefore enforceable despite NRS 116.1104. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014)

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-21307

(holding that NRS 116.1104 prohibits an HOA from using its CC&Rs to waive its superpriority lien rights). Consequently, the district court determined that Blue Diamond's foreclosure sale did not extinguish respondent's deed of trust and that appellant took title to the property subject to the first deed of trust.

As relevant here, NAC 116.090 provides that

> 1. An association is a limited-purpose association pursuant to subparagraph (1) of paragraph (a) of subsection 6 of NRS 116.1201 if:
>
>> (a) The association has been created for the sole purpose of maintaining the common elements consisting of landscaping, public lighting or security walls, or trails, parks and open space;
>>
>> (b) The declaration states that the association has been created as a landscape maintenance association; and
>>
>> (c) The declaration expressly prohibits:
>>
>>> (1) The association, and not a unit's owner, from enforcing a use restriction against a unit's owner;
>>>
>>> (2) The association from adopting any rules or regulations concerning the enforcement of a use restriction against a unit's owner; and
>>>
>>> (3) The imposition of a fine or any other penalty against a unit's owner for a violation of a use restriction.

NAC 116.090(1).

On appeal, appellant acknowledges that Blue Diamond satisfied subsubsections (a) and (b) but contends that Blue Diamond did not satisfy subsubsection (c). As to subsection (c), appellant argues that (1) Article 5.2 of the CC&Rs authorizes Blue Diamond to defend itself in litigation, (2) Article 12.5 of the CC&Rs requires unit owners to obtain homeowner's insurance, (3) Article 10 of the CC&Rs imposes use

SUPREME COURT
OF
NEVADA



(O) 1947A

restrictions on unit owners, and (4) Article 7.4 of the CC&Rs authorizes Blue Diamond to conduct a foreclosure sale "in like manner" as provided in NRS Chapter 116.[2]

We are not persuaded that these CC&R provisions implicate NAC 116.090(1)(c). Articles 5.2 and 12.5 do not pertain to use restrictions, much less impliedly authorize Blue Diamond to enforce use restrictions. And although Article 10 identifies an array of use restrictions, appellant has not identified on appeal any language in that Article that authorizes Blue Diamond to enforce those use restrictions. To the contrary, Articles 3.6 and 9.1 provide that *"the Board [of Directors] may not act on behalf of the Association to enforce any use restrictions"* and that *"the Association shall not have the power to enforce the use restrictions set forth in Article 10."*[3] Finally, although Article 7.4 authorizes Blue Diamond to conduct a foreclosure sale "in like manner" as provided in NRS Chapter 116, we are not persuaded that a limited purpose association automatically becomes subject to NRS Chapter 116 simply by virtue of following that Chapter's process for conducting foreclosure sales.[4]

---

[2]We decline to consider the various CC&R provisions that appellant did not rely on in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[3]We decline to consider appellant's untimely suggestion that respondent needed to produce evidence demonstrating that Blue Diamond never actually enforced the use restrictions. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).

[4]Appellant has not provided any cogent argument in support of such a proposition. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is a party's responsibility to present cogent arguments supported by salient authority). Similarly, appellant acknowledged in district court that a limited purpose association and its unit owners can, under contract principles, provide in

Accordingly, we are not persuaded that any of the language in Blue Diamond's CC&Rs identified by appellant below supports the proposition that the CC&Rs violated subsubsection (c) of NAC 116.090. And in light of appellant's acknowledgment that Blue Diamond satisfied subsubsections (a) and (b) of NAC 116.090(1), we conclude that the district court correctly determined that Blue Diamond was a limited purpose association under NRS 116.1201(2) and (6). The district court therefore also correctly concluded that Blue Diamond's foreclosure sale did not extinguish respondent's deed of trust and that appellant took title to the property subject to the first deed of trust.[5] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

CC&Rs that an association can impose and foreclose a lien for unpaid assessments. *Cf. U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev., Adv. Op. 25, 415 P.3d 32, 36-37 (2018) (recognizing that the obligations imposed by CC&Rs are contractual in nature).

[5]As indicated, the district court determined that the mortgage protection provision in Blue Diamond's CC&Rs was enforceable such that Blue Diamond waived its right to foreclose on the superpriority portion of its lien. While it does not change the outcome of this appeal, it is questionable whether Blue Diamond had a superpriority lien right to waive in the first place since it was not subject to NRS 116.3116(2), which is the statute that confers such a right.

cc: Hon. Timothy C. Williams, District Judge
Janet Trost, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
McCarthy & Holthus, LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A